895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald Lee DICK, Plaintiff-Appellant,
v.
MARION ADJUSTMENT CENTER, Michael J. Montgomery, Warden,
Officer Harold Smothers, Officer Frank Browning,
Officer Carlin Mudd, Defendants-Appellees.
 No. 89-5651.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges, ANNA DIGGS TAYLOR, District Judge.*
 
 ORDER
 
 2
 Ronald Lee Dick, a pro se Kentucky state prisoner, appeals the summary judgment for defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive and declaratory relief, Dick filed his complaint alleging that the actions of the defendants in placing him in a room labeled "Segregation Cell 300" violated his due process rights and his eighth amendment right not to be subjected to cruel and unusual punishment. He further alleged that the defendants failed to comply with state statutes and regulations pertaining to prison facilities. Because the record had been supplemented with Dick's deposition and other affidavits, the district court sua sponte converted the defendants' motion for judgment on the pleadings to a motion for summary judgment and granted summary judgment for defendants.
 
 
 4
 Upon consideration, we conclude that this case presents no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). First, allegations that the Marion Adjustment Center failed to comply with state statutes and regulations pertaining to prison facilities are outside the jurisdiction of this court because the eleventh amendment bars federal courts from ordering a state to comply with its own laws. See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 106 (1984). Second, in light of the relatively short period of confinement in segregation cell 300 (three days), the conditions of confinement, although undesirable, did not rise to a level of a constitutional magnitude. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978). Third, regarding Dick's due process claim, the record shows that he received all the process due him before forfeiture of his good-time credits. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974); King v. Wells, 760 F.2d 89, 93-94 (6th Cir.1985). In this case, Dick received a written statement by the factfinder as to the evidence relied on in his prison disciplinary hearing. The hearing report cited not only the write-up of the investigating officer but also the item of evidence contained in that report which was the basis for the Adjustment Committee's disciplinary action. Finally, the district court did not abuse its discretion by vacating an entry of summary judgment against the defendants. See Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation